UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS NELSON,

                          Plaintiff,

    v.                                                 9:19-CV-0550
                                                                 (DNH/CFH)

ROBERT J. CORONA,
CEO & President, SUNY
Hospital,

                        Defendant.

---

APPEARANCES:

DENNIS NELSON
94-B-0694
Plaintiff, pro se
Mohawk Correctional Facility
Walsh Regional Medical Unit
6514 Rt. 26
PO Box 8451
Rome, NY 13442

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. <u>INTRODUCTION</u>

      Pro se plaintiff Dennis Nelson ("Nelson" or "plaintiff")[1] commenced this action by filing

a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an

---

    [1] "It appears that [Dennis Nelson] uses the names David J. Cash and Dennis Nelson interchangeably." *Cash v. Berstein*, No. 09-CV-1922, 2010 WL 5185047, at *3 n.3 (S.D.N.Y. Oct. 26, 2010). The Department Identification Number ("DIN") assigned to Dennis Nelson by the New York State Department of Corrections and Community Supervision is 94-B-0694, which is also assigned to David J. Cash. *Id*.

application for leave to proceed in forma pauperis and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application");[2] Dkt. No. 4 ("Motion for Counsel").

By Decision and Order of this Court filed May 29, 2019, Nelson's IFP Application was denied pursuant to 28 U.S.C. § 1915(g) based on the Court's determination that plaintiff has three "strikes" and is not entitled to the "imminent danger" exception. *See* Dkt. No. 8 ("May 2019 Order") at 3-8.

The May 2019 Order advised Nelson this action would be dismissed unless, within thirty (30) days he either (i) paid the Court's filing fee of four hundred dollars ($400.00) in full, or (ii) filed an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action. *See* Dkt. No. 8 at 8-9.[3]

Nelson has since filed an amended complaint. Dkt. No. 9 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint and May 2019 Order

In his original complaint, Nelson asserted claim(s) against the "CEO" of "SUNY Hospital" based on allegations that he received a blood transfusion at the hospital on April 25, 2019 – three days after the transfusion was supposed to occur – and was then returned to Mohawk Correctional Facility with "one bag of blood[,]" which is "not anofe [sic] to keep [him] alive for . . . a day." Compl. at 2-3.

---

[2] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 5. This action was reopened after plaintiff re-filed his IFP Application. Dkt. Nos. 6, 7.

[3] Plaintiff's Motion for Counsel was denied without prejudice as moot. *See* May 2019 Order at 9-10.

2

After determining Nelson had accumulated "three strikes" before filing his complaint, the Court considered plaintiff's allegations solely for purposes of evaluating whether they were sufficient to qualify him for the "imminent danger" exception of 28 U.S.C. § 1915(g), and found that they were not.  *See* May 2019 Order at 4-8.

As a result, Nelson's IFP Application was denied.  *Id*. at 8-9.

**B.  <u>Review of the Amended Complaint</u>**

The legal standard governing the "imminent danger" exception to the "three-strikes" rule set forth in 28 U.S.C. § 1915(g) was discussed at length in the May 2019 Order, and it will not be restated in this Decision and Order.  *See* May 2019 Order at 5-7.

The allegations in Nelson's amended complaint are virtually identical to the allegations in his original complaint, except that plaintiff now also alleges that he was in need of a blood transfusion in April 2019 because his "blood level's [sic] have been drop[p]ing for a peride [sic] of time."  Am. Compl. at 2.

As an initial matter, it is unclear what medical treatment Nelson was denied immediately prior to commencing this action that he believes placed his life in imminent danger.  Indeed, it appears from plaintiff's allegations that he received a blood transfusion to address his alleged "drop[p]ing" blood levels, after which point he was returned to Mohawk Correctional Facility.  Moreover, plaintiff does not allege that he was transferred back to Mohawk Correctional Facility despite still needing another blood transfusion, or some other medical treatment.

To the extent Nelson has based his "imminent danger" claim on the alleged delay in providing him with a blood transfusion, such allegations are insufficient to plausibly suggest

3

that, at the time plaintiff commenced this action – i.e., after he received a blood transfusion – he remained in "imminent danger" of suffering a serious physical injury. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed[,]" and that the exception does not apply to "those harms that had already occurred.") (internal quotation marks and citations omitted).

Furthermore, to the extent Nelson's allegations may be construed to suggest that he has been denied medical treatment for a serious medical condition since his transfer back to Mohawk Correctional Facility, there is no basis for inferring that any such alleged "imminent danger" is "fairly traceable" to the actions of the named defendant. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (noting that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"); *Shabazz v. Fischer*, 9:11-CV-0916 (TJM/ATB), 2012 U.S. Dist. LEXIS 198429, *7-8 (N.D.N.Y. Feb. 10, 2012) ("Plaintiff's reference to 'prison authorities' or 'medical personnel' being involved in the alleged wrongdoing is insufficient to state a claim against any of the purported defendants, and thus is insufficient to establish a nexus between the alleged imminent danger and the actions of any of the defendants. In other words, plaintiff has failed to demonstrate that the alleged imminent danger is fairly traceable to the wrongdoing of any defendant, let alone to any particular person.").

In short, as with the complaint, the amended complaint lacks any allegations which plausibly suggest that Nelson was at risk of suffering a serious physical injury when he

commenced this action as a result of not receiving his desired (and unidentified) medical treatment at the hospital allegedly overseen by the named defendant. As a result, the amended complaint affords no basis for invoking the "imminent danger" exception of 28 U.S.C. § 1915(g).

Because Nelson has already been afforded an opportunity to amend his complaint, if he wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred dollars ($400.00) in full.[4] Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

## III. **CONCLUSION**

Therefore, it is

ORDERED that

1. This action shall be **DISMISSED** unless, within thirty (30) days of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full;

2. That upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review;[5]

3. If plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and

---

[4] The $400.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00.

[5] In the event plaintiff pays the filing fee in full, the Court shall undertake a review of the sufficiency of the allegations in the amended complaint in accordance with 28 U.S.C. § 1915A.

4. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: June 25, 2019
      Utica, New York.

_____
United States District Judge